Nix v Major League Baseball (2020 NY Slip Op 07505)





Nix v Major League Baseball


2020 NY Slip Op 07505


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 159953/16 Appeal No. 12637-12637A-12637B12637C Case No. 2018-5397 

[*1]Neiman Nix et al., Plaintiffs-Appellants,
v
Major League Baseball etc., et al., Defendants-Respondents.


Hagan, Coury & Associates, Brooklyn (Paul R. Golden of counsel), for appellants.
Kobre & Kim LLP, New York (Steven G. Kobre of counsel), for respondents.



Judgments, Supreme Court, New York County (Barbara Jaffe, J.), entered June 22, 2018, and January 14, 2020, dismissing the complaint and awarding defendants costs and fees, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered June 29, 2018, and December 31, 2018, which granted defendants' motions to dismiss the complaint and for sanctions, unanimously dismissed, without costs, as subsumed, respectively, in the appeals from the 2020 and 2018 judgments.
Plaintiffs' tortious interference claims are precluded by the dismissal of their 2014 action asserting those claims in a Florida state court action (see Nix v Major League Baseball, 190 So 3d 79 [Fla App 2015] [recognizing plaintiffs' notice of dismissal]) and the subsequent dismissal of their federal action in the Southern District of New York based on the same claims (see CPLR 3217[c]; see generally Rojas v Romanoff, 186 AD3d 103, 107-108 [1st Dept 2020]). Although in the Florida state action plaintiffs did not expressly plead the alleged hacking of their PayPal account, they asserted tortious interference claims based on the alleged hacking of their social media accounts; the alleged hacking of their PayPal account occurred the day after they amended their complaint. The Florida state action was not dismissed until November 6, 2014, and, thus, plaintiffs could have raised the issue of the alleged hacking of their PayPal account in that litigation.
The defamation claims were also appropriately dismissed. The statement in the New York federal action that plaintiffs "admit[ted] to selling products purportedly containing at least one banned performance-enhancing substance (IGF-1)" was true, and the truth of the statement provides a complete defense to the defamation claims (Dillon v City of New York, 261 AD2d 34, 39 [1st Dept 1999]). At a minimum, the statement was a nonactionable "fair and true," i.e., "substantially accurate," report of the New York federal complaint (Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d 63, 67 [1979]; Civil Rights Law § 74).
We agree with the motion court that plaintiffs' motion for reargument was intended to prolong the resolution of the action and/or to harass defendants, considering the circumstances under which it was made, and is therefore sanctionable (22 NYCRR 130-1.1[c]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020